UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERNESTO MARTINEZ,<br>ESMERALDA SEGOVIA<br>CONTRERAS, and YARITZA<br>CONTRERAS,<br><br>    Defendants. | Nos.  CR-13-2075-RHW-1<br>CR-13-2075-RHW-2<br>CR-13-2075-RHW-3<br><br>**ORDER ADDRESSING PRETRIAL MOTIONS** |

Before the Court are the following pretrial motions:  (1) Defendant Yaritza Contreras' Motion to Sever, ECF No. 39; (2) Government's Motion In Limine Regarding Admission of English Transcripts, ECF No. 94; (3) Defendant Esmeralda Segovia Contreras' Motion for Joinder in Motion to Sever, ECF Nos. 95, 99; (4) Government's Motions Re: Requested Jury Instructions and to Expedite, ECF Nos. 108, 109; and (5) Defendant Yaritza Contreras' Motion to Continue, ECF No. 112.

A pretrial conference was held in the above-captioned matters on November 5, 2013, in Yakima, Washington. Defendant Ernesto Martinez was present and represented by Quinn R. Dalan; Defendant Esmeralda Segovia Contreras was present and represented by Julian E. Trejo; and Defendant Yaritza Contreras was present and represented by Ben Hernandez. Assistant United States Attorney Alison Gregoire appeared on behalf of the Government. This order memorializes the Court's oral rulings and also sets the following schedule.

**ORDER ADDRESSING PRETRIAL MOTIONS * 1**

1. **Motions to Sever Defendants**

Defendant Yaritza Contreras moves the Court for an order severing her trial from the other Co-Defendants. ECF No. 39. Pursuant to Fed. R. Crim. P. 14, she argues: (1) a jury could find her guilty by her association with her boyfriend and Co-Defendant Ernesto Martinez and her mother and Co-Defendant Esmeralda Contreras; and (2) potential *Bruton* [1] problems should be addressed and a severance granted to avoid them. ECF No. 39 at 3-4, 5-6. Defendant also argues the use of multiple juries should not be utilized unless the Government can establish there are guidelines within the district court in place permitting the use of separate juries at one trial. ECF No. 47 at 6 (citing *United States v. Sidman*, 470 F.2d 1158, 1170 (9th Cir. 1993). In addition, co-Defendant Esmeralda Segovia Contreras joined in the motion to sever, although she did not set forth any additional reasons why her trial should be severed from her fellow Co-Defendants. ECF No. 95.

The Government responds that any prejudicial effect from damaging evidence in this case can be remedied by a "spillover" instruction. ECF No. 46. As the Government points out, this is not a complex case and involves only a few witnesses and little discovery as law enforcement captured Defendants in a matter of hours over the course of one day. *Id.* at 8. After the issuance of a limiting instruction, "the jury will be able to reasonably compartmentalize the evidence as it relates to each defendant." *Id.*

After the pretrial conference held on October 1, 2013, the Government conceded that redactions would likely change the nature of Defendants' statements, and that three juries would need to be utilized. ECF No. 121 at 138-41. On October 11, 2013, the parties submitted their joint report on multiple juries, ECF No. 98.

---

[1] *See generally Bruton v. United States*, 391 U.S. 123 (1968).

**ORDER ADDRESSING PRETRIAL MOTIONS * 2**

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 538, (1993). "Joint trials . . . promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* at 539 (quoting *Richardson v. Marsh,* 481 U.S. 200, 210 (1987)). "The general rule is that persons jointly indicted should be jointly tried absent compelling circumstances." *United States v. Silla,* 555 F.2d 703, 707 (9th Cir. 1977). Moreover, a joint trial is "particularly appropriate" when the government charges a conspiracy among multiple defendants. *United States v. Freeman,* 6 F.3d 586, 598 (9th Cir. 1993).

The gravamen of Defendant Yaritza Contreras' argument for severance is that she will be prejudiced by the spillover effect of merely associating with her co-defendants. *See* ECF No. 98 at 5. However, the district court should grant a severance "only if a serious risk exists that a joint trial would compromise a particular trial right of a properly joined defendant or prevent the jury from reliably determining guilt or innocence." *United States v. Cruz*, 127 F.3d 791, 798-99 (9th Cir. 1997). "The prejudicial effect of evidence relating to the guilt of co-defendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). Thus, a defendant "seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998).

Here, the Court agrees with the Government that a severance is not warranted. Although Defendant Yaritza Contreras asserts "the bulk of the damaging evidence in this case relates to Ernesto Martinez and Esmeralda Contreras," the Court is satisfied that a limiting instruction would properly allow the jury to cabin the evidence as to each Defendant and their respective culpability. *See Labmbright v. Stewart*, 191 F.3d 1181, 1186 (1999) ("[I]n assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it

**ORDER ADDRESSING PRETRIAL MOTIONS * 3**

relates to the individual defendants is easily compartmentalized") (internal citation omitted). Furthermore, the Defendants are charged with conspiracy, and as the Government noted in oral argument at the pretrial conference -- the same conspiracy evidence against Defendants Yaritza Contreras and Esmeralda Segovia Contreras would come in at trial whether it was severed or not. *See Freeman,* 6 F.3d at 598. Thus, in the instant case, the Court finds a joint trial would "promote efficiency" and further the interests of justice. *Zafiro,* 506 U.S. at 539.

As to the *Bruton* issue, the Government has abandoned its argument and conceded that redactions will not suffice to cure any potential Sixth Amendment confrontation clause issue. Thus, assuming that no Defendant pleads guilty, the Court intends to utilize separate juries who will hear each of the Defendants' statements separately, but will hear all other evidence jointly. *See Lambright*, 191 F.3d at 1186 (noting "dual juries help assure . . . compartmentalization by keeping dangerous evidence away from the ears of jurors for the defendant to whom it does not apply.") In addition, a separate closing argument would be given to each Defendant's respective jury.

In sum, The Court **denies** Defendants Yaritza Contreras and Esmeralda Segovia Contreras' Motion to Sever. This matter will proceed to trial as currently scheduled with three juries. The Court will allow each Defendant a separate voir dire to select their respective jury. The three juries would sit together and hear all of the evidence throughout the trial, with the exception of each Defendant's statement, and a closing argument specific to each Defendant. [2] Finally, the Court has inquired with the District Court Executive and U.S. Marshals' Office regarding

---

[2] The Government does not plan on referencing any Defendants' statement during its opening. ECF No. 98 at ¶ 6. However, as set forth below, Defendants **must notify the Court in advance** if they plan on referencing a statement during opening argument. *See infra* at ¶ 7.

**ORDER ADDRESSING PRETRIAL MOTIONS * 4**

1 | the use of multiple juries in this case, and has determined the logistics and
2 | courtroom space and staff will be adequate to accommodate three juries.

**2.    Government's Motion In Limine Re: Admission of English Transcripts**

The Government filed a Motion in Limine Regarding Admission of English Transcripts, ECF No. 94. In addition, pursuant to the Court's prior order after the denial of Defendants' motions to suppress statements, the Government filed the transcripts of all recorded statements. *See* ECF No. 96 at Ex. A (Ernesto Martinez recording – in English), Ex. B & C (Esmeralda Segovia Contreras recordings – in Spanish), Ex. D (Yaritza Martinez recording – in English), Ex. E & F (Esmeralda Segovia Contreras transcript translated into English from Spanish), Ex. G (Ernesto Martinez transcript in English), Ex. H (Yaritza Contreras transcript in English).

Defendants Ernesto Martinez and Emeralda Segovia Contreras did not respond to the Government's motion. However, Defendant Yaritza Contreras filed her Objections Re: Accuracy of Recorded Statements and Transcripts in regard to her recorded statement and co-Defendant Ernesto Martinez's recorded statement, both given on May 10, 2013. *See* ECF No. 102. [3]

The Government seeks to admit the English language translation of two transcripts of recorded interviews with Defendant Esmeralda Segovia Contreras on May 10 and 13, 2013. *See* ECF No. 94 at Exs. E & F. The Government will play the audio recordings, as to Defendants Ernesto Martinez and Yaritza Contreras to the jury, as those interviews were conducted in English. The Government will seek to offer the transcripts to those interviews, as an aid to the jury, but does not seek to admit them into evidence. ECF No. 96 at 2.

Here, the Government is correct that the proper procedure is to admit the English language transcript into evidence, after the requisite foundation is

---

[3] Defendant Yaritza Contreras' transcript can be found at ECF No. 96-3 at Ex. G, while Defendant Ernesto Martinez's transcript can be found at ECF No. 96-4, at Ex. H.

**ORDER ADDRESSING PRETRIAL MOTIONS * 5**

established, and not allow the Spanish language audio recording of Defendant
Esmeralda Segovia Contreras' interviews. *See United States v. France*, 136 F.3d
622, 626-28 (9th Cir. 1998). Once admitted, the jurors may then have the transcript
read to them in open court. *Id.* Therefore, the Government's motion is **granted**.

In regard to Defendant Yaritza Contreras' Objections Re:  Accuracy of
Recorded Statements/Transcripts, ECF No. 102, the parties agreed at the hearing
that only two unresolved objections remained:

(1) Defendant Ernesto Martinez's Statement, ECF No. 96-3, Ex. G at 73.
Defendant Yaritza Contreras asks the Court to replace [UI] with "manning."
ECF No. 102 at 2. The Government argues the transcript is accurate and
should not be altered. The Court has reviewed the audio recording and finds
the transcript should be corrected to read:

    **"Yaritza was in-actually, man in nothing of this."**

(2) Yaritza Contreras' Statement, ECF No. 96-4, Ex. H. at 98. Defendant
Yaritza Contreras argues that the transcript should be corrected to replace "I
kept telling" with "told them[.]" ECF No. 102 at 3. The Court finds after a
review of the audio recording that the transcript is correct and Defendant's
objection is overruled.

**3. Defendant Yaritza Contreras' Motion to Continue**

Defendant moves the Court for a continuance of no less than 60 days to
conduct further investigation and to adequately prepare for trial. Defendant argues
she recently received discovery regarding forensic reports and raw data of the cell
phone allegedly used in the offense; and that additional time is needed to review
the cell phone data with an expert. ECF No. 112. Trial is currently set for
December 10, 2013. She also requests that the Court extend then current deadline
for filing pretrial motions.

The Government has responded in opposition to the motion and argues that
the victim's parents object to any further delay. ECF No. 115. The Government

**ORDER ADDRESSING PRETRIAL MOTIONS * 6**

also points out that a review of the phone records and data in question were reviewed, without the assistance of an expert, in one day. *Id.* at 2.

Here, the Court notes that two prior continuances in this matter have been granted. *See* ECF Nos. 52, 93. Moreover, the Court agrees with the Government that an additional 60-day continuance is not warranted based upon Defendant Yaritza Contreras' stated reason to review the cell phone data and records at issue. Therefore, Defendant Yaritza Contreras' Motion is **denied**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Yaritza Contreras' Motion to Sever, ECF No. 39, is **DENIED**.

2. Defendant Esmeralda Segovia Contreras' Motions for Joinder in Motion to Sever, ECF Nos. 95, 99, are **DENIED**.

3. The Government's Motion in Limine Regarding Admission of English Transcripts, ECF No. 94, is **GRANTED**. The Government is also **DIRECTED** to make the changes to Defendant Ernesto Martinez's Statement, as set forth above.

4. Defendant Yaritza Contreras' Motion to Continue, ECF No. 112, is **DENIED**.

5. Government's Motions Re: Requested Jury Instructions and to Expedite, ECF Nos. 108, 109, are **DENIED**, with leave to renew. The parties are **DIRECTED** to submit their joint jury instructions in accordance with the **Court's Pretrial Order, ECF No. 132.**

6. The current trial date of **December 10, 2013**, at 8:30 a.m., in Yakima, Washington will remain as scheduled. Counsel and Defendants shall appear at 8:00 a.m. on the first day of trial. The Court will proceed with jury selection, as set forth in the **Pretrial Order, ECF No. 132**. Jury selection shall proceed in the order that Defendants were indicted. Each Defendant shall select 12 jurors plus one alternate. Likewise, examination of witnesses shall proceed in the same manner.

///

///

**ORDER ADDRESSING PRETRIAL MOTIONS * 7**

7. The Government does not intend on referencing any Defendant's statement in Opening. However, if any Defendant intends to reference a statement during their opening statement, they are **DIRECTED**, to notify the Court on or before **November 26, 2013**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 18th day of November, 2013.


_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

**ORDER ADDRESSING PRETRIAL MOTIONS * 8**